United States District Court
Southern District of Texas
**ENTERED**
January 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIO   GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-392 |
| | § | |
| OCWEN LOAN SERVICING, LLC, AS | § | |
| SERVICER FOR THE BANK OF NEW | § | |
| YORK MELLON TRUST COMPANY, | § | |
| NATIONAL ASSOCIATION FKA THE | § | |
| BANK OF NEW YORK TRUST | § | |
| COMPANY, N.A. AS SUCCESSOR TO | § | |
| JPMORGAN CHASE BANK, N.A., AS | § | |
| TR, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers the "Motion for Total Summary Judgment and Motion to Dismiss for Failure to Prosecute"[1] ("motion") filed by Ocwen Loan Servicing, LLC, as servicer for The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP3 ("Defendant"). Mario Gutierrez ("Plaintiff"), who is *pro se*, has not responded and the time for doing so has passed, rendering the motion unopposed by the Local Rules.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** the motion[3] and **DISMISSES WITH PREJUDICE** Plaintiff's action.

---

[1] Dkt. No. 11.
[2] L.R. 7.4.
[3] Dkt. No. 11.

## I.    Background

This is a foreclosure case. On July 28, 1999, Plaintiff took out a home loan with Sebring Capital Corporation by signing a promissory note[4] and deed of trust[5] on a property located at 104 E. Yellowhammer Ave. McAllen, Texas 78504 ("Subject Property"). Between 1999 and 2010, the deed of trust was assigned multiple times before it was finally assigned to The Bank of New York Mellon Trust Company National Association f/k/a The Bank of New York Trust Company; N.A as successor to JPMorgan Chase Bank, N.A., as trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP3 (hereafter, "the Bank of New York Trust Company") on April 1, 2010.[6] In September 2013, Defendant began acting as loan servicer for the Bank of New York Trust Company.[7]

When Defendant began servicing the loan in September 2013, Defendant alleges that the loan was "due and owing from the November 1, 2010 pay period."[8] Defendant claims Plaintiff was able to "bring his loan nearly current" until Plaintiff failed to make a payment for the July 1, 2016 payment period.[9] Defendant alleges Plaintiff's loan has been due and owing since July 1,

---

[4] Dkt. No. 11-1 pp 7–12.
[5] *Id.* at pp 14–23.
[6] *See* Dkt. No. 11 p. 3, ¶ 6 (citing Dkt. No. 11-3). Defendant summarizes the assignment of Plaintiff's loan: "On July 30, 1999, the Deed of Trust was assigned to Bank One, National Association by Sebring Capital Corporation which assignment was recorded in the Hidalgo County Real Property Records on December 29, 1999 as instrument number 834119. On April 1, 2010, the Deed of Trust was assigned to The Bank of New York Mellon Trust Company, National Association which assignment was recorded in the Hidalgo County Real Property Records on April 22, 2010 as instrument number 2010-2096048. Two corrective assignments were subsequently executed and recorded, first on July 31, 2012 and recorded on August 10, 2012 as instrument number 2012-2333704, and second on June 5, 2015 and recorded on June 12, 2015 as instrument number 2015-2619373. The last assignee of record of the Deed of Trust is The Bank Of New York Mellon Trust Company National Association f/k/a The Bank Of New York Trust Company; N.A as successor to JPMorgan Chase Bank, N.A., as trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP3. . ."
[7] *Id.* at p. 4, ¶ 7 (citing Dkt. No. 11-1 p. 3 (Affidavit of Shannon Childs, Senior Loan Analyst for Defendant)).
[8] *Id.* ¶ 7 (citing Dkt. No. 11-1 p. 3 (Affidavit of Shannon Childs, Senior Loan Analyst for Defendant)).
[9] *Id.*

2016 and that Plaintiff "also defaulted on the Loan by failing to pay his property taxes and keep the Property insured against physical loss."[10]

Defendant alleges that on November 6, 2018, Plaintiff submitted a request for loan modification.[11] Defendant attaches to its motion a letter, dated November 9, 2018, sent to Plaintiff as an acknowledgement of his request for loan modification.[12] The letter states in relevant part that while Defendant had technically begun foreclosure actions, all foreclosure actions would be on hold pending Defendant's review of Plaintiff's request for loan modification.[13] While it is unclear from the pleadings, it appears Defendant had scheduled a foreclosure sale for December 4, 2018, but cancelled the foreclosure sale after it received Plaintiff's request for loan modification.[14]

On December 4, 2018, Plaintiff filed a petition for temporary restraining order and temporary injunction in state court.[15] Therein, Plaintiff states he "had been behind in his payments to [Defendant], but has been working with [Defendant] to complete a loan modification."[16] That same day, the state court granted Plaintiff's request for a temporary restraining order.[17] On December 5, 2018, one day after Plaintiff's state court filing, Defendant sent Plaintiff a letter detailing a trial loan modification offer, whereby Plaintiff was required to make three months of consecutive payments, beginning January 1, 2019.[18] The letter states, "[i]f the new Trial Period Plan payments are timely, and the account continues to remain eligible for

---

[10] *Id.* ¶ 8.
[11] *Id.* at pp. 4–5, ¶ 9.
[12] Dkt. No. 11-1 pp. 39–43.
[13] *See id.* at p. 39.
[14] Dkt. No. 11 p. 5, ¶ 11. Defendant states, "Despite Plaintiff's default on his mortgage, [Defendant] voluntarily cancelled its foreclosure sale that had been scheduled for December 4, 2018 as a result of Plaintiff's submission of a complete request for mortgage assistance packet. Thus, no foreclosure or sale was scheduled for or occurred on December 4, 2018." *Id.* (citing to No. 11-1 p. 3 (Affidavit of Shannon Childs, Senior Loan Analyst for Defendant)).
[15] Dkt. No. 1-1.
[16] *Id.* pp. 4–5, ¶ 4.
[17] *Id.* at pp. 12–13.
[18] Dkt. No. 11-1 pp. 51–64.

the permanent [loan] modification, *we will not conduct a foreclosure sale.*"[19] Defendant alleges Plaintiff failed to make the first January 1, 2019 payment.[20]

On December 13, 2018, Defendant filed an original answer in state court, generally denying all of Plaintiff's claims and raising several affirmative defenses.[21] Defendant removed to this Court on December 14, 2018, on the basis of diversity jurisdiction.[22]

After considering Plaintiff's lack of participation in the parties' joint discovery/case management plan, Plaintiff's *pro se* status, and the fact that Plaintiff was unlikely to attend the conference given past communication failures as outlined by Defendant, this Court issued a scheduling order based on Defendant's counsel's discovery case management plan and canceled the January 15, 2019 initial pretrial and scheduling conference.[23] On June 1, 2019, Defendant merged with PHH Mortgage Servicing ("PHH").[24] PHH is Plaintiff's current loan servicer.[25]

On June 28, 2019, after Plaintiff allegedly had "never filed any initial disclosures . . . not served any discovery requests . . . [and] not responded to any of [Defendant]'s overtures," Defendant filed the instant "Motion for Total Summary Judgment and Motion to Dismiss for Failure to Prosecute."[26] Plaintiff did not respond and the time for doing so has passed, rendering

---

[19] *Id.* at p. 57.
[20] Dkt. No. 11 p. 6, ¶ 12.
[21] *Id.* at pp. 22–24.
[22] Dkt. No. 1. Defendant alleges Plaintiff is a citizen of Texas and Defendant is a citizen of both Florida and the U.S. Virgin Islands. *Id.* at pp. 2–3, ¶¶ 7–8. Defendant is correct in its allegation that the amount in controversy is $332,972.00, the value of the property at issue. Dkt. No. 1-2 (Hidalgo County Appraisal District); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961) (holding that when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy."). There is nothing in the record to suggest Plaintiff is opposed to this Court's jurisdiction over the case.
[23] Dkt. Nos. 8–9.
[24] Dkt. No. 11 p. 2, ¶ 1.
[25] *Id.*
[26] *Id.* at p. 7, ¶ 15.

the motion unopposed by operation of the Local Rules.[27] The Court now turns to its analysis, first addressing Defendant's motion for summary judgment.

## II.   Analysis

### a.   *Plaintiff's State Court Petition*

As an initial matter, the Court must determine what claims Plaintiff brings against Defendant in the state court petition. Plaintiff's state court petition merely alleges that Plaintiff "had been behind in his payments to [Defendant], but has been working with Defendant to complete a loan modification."[28] Plaintiff further alleges that "[Defendant] has directed Power Default Services, Inc. to pursue a foreclosure on [the Subject Property]."[29] Plaintiff does not specify what, if any, claims he brings against Defendant. Rather, he requested the state court grant a temporary restraining order and temporary injunction on the basis that a "foreclosure constitutes severe hardship and damage to [Plaintiff] since this [Subject Property] is his homestead."[30] Defendant argues that "Plaintiff does not assert any substantive claims upon which relief can be granted and instead, seeks only temporary injunctive relief."[31]

The Court agrees. Because Plaintiff is proceeding *pro se,* the Court has construed his pleadings liberally.[32] However, even construing Plaintiff's single pleading liberally, the Court is unable to ascertain any claim other than one for injunctive relief in the form of a temporary injunction.[33] To the extent Plaintiff brings a wrongful foreclosure action, Plaintiff does not allege that a foreclosure occurred, and Defendant clarifies that after receiving Plaintiff's request for

---

[27] L.R. 7.4. Defendant also filed a "Notice of No Response to Motion for Total Summary Judgment and Motion to Dismiss for Failure to Prosecute." Dkt. No. 12.

[28] Dkt. No. 1-1 pp. 4–5, ¶ 4.

[29] *Id.* at p. 5, ¶ 5. Plaintiff refers to the Subject Property in the state court petition as his "homestead."

[30] *Id.* ¶ 6.

[31] Dkt. No. 11 p. 2, ¶ 1.

[32] *See SEC v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir.1993).

[33] The state court granted Plaintiff's request for temporary restraining order. Dkt. No. 1-1 at pp. 12–13. Thus, all that remains is Plaintiff's request for temporary injunction.

loan modification, a foreclosure sale was not even set to take place.[34] Thus, the Court construes Plaintiff's state court petition as bringing a single claim for injunctive relief. The Court now turns to Defendant's motion for total summary judgment, as applied to Plaintiff's claim for injunctive relief.

### b. *Legal Standard*

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[35] "A fact is 'material' if its resolution could affect the outcome of the action,"[36] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[37] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[38] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[39] As to the question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[40] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[41] Absent a decision by Texas's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[42]

---

[34] Dkt. No. 11 p. 5, ¶ 11.

[35] Fed. R. Civ. P. 56(a).

[36] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

[37] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).

[38] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[39] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).

[40] *See* Dkt. No. 1 p. 2.

[41] *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013); *Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[42] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[43] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[44] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[45]

Here, Plaintiff, the non-movant, has not responded to Defendant's motion for summary judgment. However, a lack of opposition by one party does not itself warrant summary judgment as to that party.[46] Instead, consistent with the standard enumerated above, summary judgment is warranted only if the movant meets its initial burden;[47] at that point, the analysis ends instead of continuing to whether Plaintiff has adequately shouldered its burden, for the simple reason that Plaintiff has not attempted to do so.

In conducting its analysis, the Court may consider evidence from the entire record, viewing that evidence in the light most favorable to the non-movant.[48] Rather than combing through the record on its own, however, the Court looks to the motion for summary judgment to present the evidence for consideration.[49] Parties may cite to any part of the record, or bring evidence in the motion and response.[50] By either method, parties need not proffer evidence in a form admissible at trial.[51] The Court now turns to the evidence provided by Defendant in support of its motion for summary judgment.

---

[43] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[44] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[45] *See Celotex Corp.*, 477 U.S. at 323.
[46] *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). *See also*, FED. R. CIV. P. 56.
[47] *Id.*
[48] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[49] *See* Fed. R. Civ. P. 56(e).
[50] *See id.*
[51] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

### c.  Summary Judgment Evidence

Defendant moves for summary judgment on the basis that Plaintiff "asserts no legal claim for which relief can be granted [and] his allegations of fact are demonstrably false. . ."[52] As is apparent from this quote, much of Defendant's motion for summary judgment includes arguments appropriate for a motion to dismiss for failure to state a claim. While Defendant cites to Rule 56, which governs a motion for summary judgment, once in its motion, Defendant makes no substantive argument as to whether there is a genuine issue of material fact in accordance with Rule 56. Rather, Defendant relies on Rule 8(a)(2) to argue that "Defendant is [e]ntitled to Summary Judgment [b]ecause Plaintiff has not [p]leaded any [p]lausible [c]laims. . ."[53] Nonetheless, because Defendant routinely titles its motion as a motion for summary judgment, the Court interprets Defendant's motion as a motion for summary judgment. The Court now turns to the evidence provided by Defendant to determine whether there is a genuine issue of material fact regarding Plaintiff's entitlement to temporary injunctive relief.

In support of its motion for summary judgment, Defendant alleges that (1) Plaintiff defaulted on the loan and admits to defaulting in his state court petition;[54] (2) Defendant offered Plaintiff a trial loan modification offer that would have protected Plaintiff from any threat of foreclosure, but Plaintiff did not make the required trial payments;[55] and (3) Plaintiff's claim for injunctive relief cannot survive without an underlying cause of action.[56] In support of these

---

[52] Dkt. No. 11 p. 2, ¶ 1.

[53] Dkt. No. 11 p. 12. Defendant routinely states, "Plaintiff's complaint should be dismissed as a matter of law." The Court notes that this is a conflation of two separate legal standards: the standard set by Rule 12(b)(6) and the standard set by Rule 56. Pursuant to Rule 12(b)(6), the Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted, or if the pleading does not assert enough facts to support a plausible claim for relief. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing Fed. R. Civ. P. 12(b)(6)). In contrast, Rule 56 entitles the movant to *judgment*, rather than dismissal, "as a matter of law" where there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a) (emphasis added).

[54] Dkt. No. 11 p. 2, ¶ 1.

[55] *Id.* ¶ 3.

[56] *Id.* at pp. 12–13, ¶ 31.

assertions, Defendant provides the following evidence: (1) Plaintiff's note and deed of trust, the terms of which entitle the Bank of New York Trust Company to foreclose on the Subject Property;[57] (2) affidavit of Shannon Childs, Defendant's Senior Loan Analyst, testifying to Plaintiff's history of default and Defendant's trial loan modification offer;[58] (3) the letter sent from Defendant to Plaintiff on November 9, 2018 informing Plaintiff that Defendant received his request for loan modification and that all foreclosure actions were on hold;[59] and (4) the letter sent from Defendant to Plaintiff on December 5, 2018 detailing the trial loan modification offer.[60]

As noted above, Plaintiff has proffered no summary judgment evidence. Nonetheless, the Court will briefly consider Defendant's arguments.

### d.  Legal Analysis

Defendant asserts Plaintiff is not entitled to injunctive relief because Plaintiff did in fact default on the loan and Plaintiff's claim for injunctive relief cannot survive without an underlying cause of action.[61] The Court finds summary judgment on Plaintiff's request for temporary injunction warranted.

Plaintiff requests a temporary injunction beyond the temporary restraining order granted in state court. "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim."[62] Defendant is correct in its assertion that under Texas law, a request for injunctive relief is not itself a cause of

---

[57] *See* Dkt. No. 11-1 p. 19, ¶ 21. Plaintiff's Deed of Trust provides, in relevant part, that following Plaintiff's default on the loan, Defendant is entitled to accelerate the loan and move forward with a foreclosure sale after notifying Plaintiff of default and acceleration and providing Plaintiff the opportunity to reinstate the loan. *See id.*
[58] *See id.* at pp. 2–5.
[59] *See id.* at pp. 39–43.
[60] *See id.* at pp. 51–64.
[61] *Id.* at pp. 12–13, ¶ 31.
[62] *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

action, but instead depends on an underlying cause of action.[63] Thus, a request for injunctive relief requires that plaintiff first plead viable underlying cause of action.[64]

Here, Plaintiff has not asserted any viable cause of action against Defendant and merely requests injunctive relief. Moreover, even if the Court were capable of ascertaining a viable cause of action, Defendant has proffered undisputed evidence that Plaintiff did default on the loan at issue and did not accept Defendant's trial loan modification offer. Accordingly, Plaintiff cannot establish a probable right to relief entitling Plaintiff to a temporary injunction. Consequently, Defendant has met its burden of showing the absence of a genuine issue of material fact. The Court finds there is no genuine issue of material fact as to whether Plaintiff is entitled to a temporary injunction. Thus, the Court **GRANTS** Defendant's motion for summary judgment. Since summary judgment has been granted, the Court need not address the motion to dismiss for failure to prosecute.

### III.   HOLDING

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment.[65] The Court hereby **DISMISSES WITH PREJUDICE** Plaintiffs' claims and Plaintiffs' action. Pursuant to Rule 56, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 13th day of January, 2020.

Micaela Alvarez
United States District Judge

---

[63] *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).
[64] *Id.* (citing (*Butnaru*, 84 S.W.3d at 204)).
[65] Dkt. No. 11.